UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DEAN PARKS,

      Plaintiff,　　　　　　　　　　CASE NO. 08-CV-13797

v.　　　　　　　　　　　　　　　　　　DISTRICT JUDGE GERALD E. ROSEN
　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE CHARLES E. BINDER

MICHIGAN DEPARTMENT OF
CORRECTIONS,
ST. CLAIR COUNTY DRAIN
COMMISSION,
TODD M. BARKER,

      Defendants.
                              /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RECOMMENDING *SUA SPONTE* DISMISSAL OF DEFENDANTS
ST. CLAIR COUNTY DRAIN COMMISSION AND TODD M. BARKER
AND RECOMMENDING THAT
DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS'
MOTION TO DISMISS BE GRANTED**

**I.　　RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants St. Clair County Drain Commission and Todd M. Barker be *sua sponte* **DISMISSED** for failure to serve process within the time limit allowed under the federal rules and that Defendant Michigan Department of Corrections' Motion to Dismiss (Doc. 12) be **GRANTED**.

**II.　　REPORT**

      **A.　　Background**

Plaintiff Timothy Dean Parks filed this lawsuit on September 4, 2008. Plaintiff is represented by counsel. The case was referred to the undersigned magistrate judge for pretrial management on April 21, 2008. (Dkt. 2.)

Plaintiff's claims stem from an incident that occurred on February 8, 2006, when Plaintiff was incarcerated at a minimum security prison operated by Defendant Michigan Department of Corrections ("MDOC") in Carson City, Michigan. Plaintiff alleges that part of his prison job involved performing work for the Defendant St. Clair County Drain Commission under the supervision of Defendant Todd M. Barker. Plaintiff states that on the day in question, he was instructed to clear brush with a piece of equipment called a "Terminator," which he describes as a chain-saw-type weed-whacker machine. While Plaintiff was operating the Terminator, the chain broke and struck him in the left leg. Plaintiff states that he has undergone three surgeries on his leg and has been informed that more surgeries may be necessary. He also states that he has a significant limp and experiences constant pain.

The complaint alleges in Count I that Defendants knew that the Terminator had malfunctioned three times in the past and therefore were deliberately indifferent to Plaintiff's health and safety when they required him to use the equipment; this claim is brought under 42 U.S.C. § 1983. Count II is brought under the Rehabilitation Act, 29 U.S.C. § 794, and alleges that Plaintiff's injury was caused by an act or failure to act by a recipient of federal assistance.

The filing fee was paid in full when the case was filed on September 4, 2008, and summonses were issued the following day for all three defendants. (Dkt. 2-4.) There is no indication that Defendant St. Clair County Drain Commission or Defendant Todd Barker were ever served. A Return of Service stating that the summons and complaint were served on Defendant MDOC was filed on October 8, 2008. (Dkt. 8.) Defendant MDOC submitted its Answer on October 28, 2008, and filed the instant Motion to Dismiss on December 1, 2008. Counsel for Plaintiff filed a response to the motion on December 18, 2008. (Dkt. 13.) Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B.   Defendants St. Clair County Drain Commission and Todd M. Barker

Pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint." FED. R. CIV. P. 4(c)(1).  Rule 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

In this case, the 120-day deadline expired on January 3, 2009, and there is no indication that Defendant St. Clair County Drain Commission or Defendant Todd M. Barker was served. Therefore, I suggest that if Plaintiff is unable show good cause for the failure to serve these defendants and present such good cause to the Court, that these defendants be *sua sponte* dismissed from the case.

### C.   Defendant MDOC's Motion to Dismiss

#### 1.   Motion Standards

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the

complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted).

  **2.**  **Analysis & Conclusions**

Defendant MDOC asserts that the case should be dismissed because (1) the MDOC is not a "person" within the meaning of 42 U.S.C. § 1983; (2) the MDOC is immune from suit in federal court under the Eleventh Amendment; (3) venue is improper in this district because the events giving rise to the suit did not occur in the Eastern District of Michigan and defendants do not reside here; and (4) the Rehabilitation Act does not apply to this case.

  **a.**  **Section 1983 Claim**

With regard to Defendant's first two arguments, it has long been established that, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the State of

Michigan has not consented to civil rights suits in federal court. *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986).

In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the MDOC) is not a "person"[1] who may be sued under section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)).

Counsel for Plaintiff apparently concedes the validity of Defendant MDOC's arguments, because in his response to the motion he states that "Plaintiff admits that the Defendant is immune to suit in the federal court. Defendant is not immune in a state court and thus Plaintiff requests leave to amend the Complaint or dismissal without prejudice to allow the Plaintiff to bring suit in the state forum." (Pl.'s Resp., Doc. 13 at 2.)

Accordingly, I suggest that Defendant MDOC's motion to dismiss be granted.

**b.    Rehabilitation Act Claim**

With regard to the Rehabilitation Act ("the Act") claim, I suggest that Defendant MDOC is correct that the Act does not apply to the facts of this case. The purposes of the Act are:

---

[1]The text of 42 U.S.C. § 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

>   (1) to empower individuals with disabilities to maximize employment, economic self-sufficiency, independence, and inclusion and integration into society, through–
>
>>   (A) statewide workforce investment systems implemented in accordance with title I of the Workforce Investment Act of 1998 [29 U.S.C.A. § 2801 *et seq.*] that include, as integral components, comprehensive and coordinated state-of-the-art programs of vocational rehabilitation;
>>   (B) independent living centers and services;
>>   (C) research;
>>   (D) training;
>>   (E) demonstration projects; and
>>   (F) the guarantee of equal opportunity; and
>
>   (2) to ensure that the Federal Government plays a leadership role in promoting the employment of individuals with disabilities, especially individuals with significant disabilities, and in assisting States and providers of services in fulfilling the aspirations of such individuals with disabilities for meaningful and gainful employment and independent living.

29 U.S.C. § 701(b). Thus, it is clear that the Act applies in cases where a disabled individual is claiming he or she was discriminated against with regard to employment opportunities. Here, Plaintiff's claim is that he was injured while working at his prison job and that his injury rendered him disabled clearly does not fall within the scope of the Act.

##   D.   Conclusion

I therefore suggest that the case be dismissed in its entirety.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections

a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                     s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: February 9, 2009                   United States Magistrate Judge

### CERTIFICATION

       I hereby certify that this Report and Recommendation was electronically filed this date, and electronically served on Richard Brewer and Dawn C.M. Jack, and served on District Judge Rosen in the traditional manner.

Date:  February 9, 2009            By      s/Jean L. Broucek
                                          Case Manager to Magistrate Judge Binder